'FILED
'SUPERIOR COURT
OF GUAM

2024 JAN 29 PM 3: 57

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **GUAM DEPARTMENT OF EDUCATION,**<br><br>Petitioner,<br><br>vs.<br><br>**GUAM CIVIL SERVICE COMISSION,**<br><br>Respondent,<br><br>and<br><br>**MARK J. S.N. TAISIPIC,**<br><br>Real Party in Interest. | **Special Proceedings No. SP0095-21**<br><br><br><br>**DECISION AND ORDER DENYING REAL PARTY IN INTEREST'S MOTION TO STRIKE GOVERNMENT'S RESPONSE TO PETITION FOR DECLARATORY RELIEF** |

This matter came before the Honorable Dana A. Gutierrez on October 31, 2023 upon Real Party in Interest's Motion to Strike Government's Response to Petition for Declaratory Relief ("Motion to Strike"), filed by Mark J. S.N. Taisipic ("Taisipic"). Present at the hearing was Attorney Jesse Nasis representing Guam Department of Education ("GDOE"), Attorney Jacqueline Taitano Terlaje representing Taisipic, and Attorney Katherine Nepton representing the Guam Civil Service Commission ("CSC").[1] Upon review of the pleadings, the arguments of the parties, and applicable law, the Court hereby **DENIES** Taisipic's Motion to Strike.

---

[1] Attorney Nepton indicated that she was present to observe but that the CSC takes no position on the Motion.

## BACKGROUND

On June 18, 2021, GDOE filed its Petition for Judicial Review of the CSC's May 20, 2021 Decision and Judgment in CSC Adverse Action Appeal Case No. 15-AA04T, which reinstated Taisipic's employment at GDOE. Petition for Judicial Review at Exhibit E.

On December 10, 2021, GDOE filed its Application for Entry of Default Judgment ("Application for Default Judgment"). On December 22, 2021, Taisipic filed an Objection and Opposition to Application for Default Judgment and Request for Leave of Court, requesting leave of court to file an answer in this matter. Without leave of court, Taisipic filed his Answer and Petition for Declaratory Relief ("Answer and Petition") on May 26, 2022.

On December 14, 2022 and January 23, 2023, the Court held Application for Default Judgment hearings.[2] On April 24, 2023, the Court issued its Decision and Order Denying Guam Department of Education's Application for Entry of Default Judgment ("Decision and Order"), granting Taisipic's request for leave to file his Answer and Petition and ordering any response to Taisipic's Answer and Petition to be filed in accordance with Guam Rules of Civil Procedure ("GRCP") Rule 12(a). Decision and Order at 12.

On June 23, 2023, GDOE filed its Response to Petition for Declaratory Relief ("Response to Petition"), responding to Taisipic's Answer and Petition. On July 10, 2023 Taisipic filed his Motion to Strike on the grounds that GDOE's Response to Petition was untimely. Motion to Strike at 1. On August 4, 2023, GDOE filed its Opposition to Motion to Strike ("Opposition"), arguing that GDOE's Response to Petition was timely and that Taisipic

---

[2] The Court scheduled the Application for Default Judgment hearing for April 26, 2022. Notice of Hearing (Feb. 11, 2022). The April 26, 2022 hearing was rescheduled at the request of GDOE because Attorney Nasis was attending an off-island conference. Request to Reschedule Motion Hearing (Feb. 18, 2022).

nevertheless fails to meet the standard of review for a motion to strike set forth in GRCP Rule 12(f). Opp'n at 2-5. Taisipic did not file a reply to the Opposition.

## DISCUSSION

**A.** **Taisipic Failed to Meet the GRCP Rule 12(f) Standard to Strike a Pleading.**

GRCP Rule 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[B]ecause the [GRCP] are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the [GRCP] are persuasive authority." *Govt. of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10). Similar to GRCP Rule 12(f), FRCP Rule 12(f) states, in relevant part, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, federal interpretation of FRCP Rule 12(f) is persuasive when interpreting GRCP Rule 12(f).

"Federal courts have established a high standard for Rule 12(f) motions and will not grant motions to strike 'unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Ukau v. Wang*, No. 1:11-CV-00030, 2012 WL 1503325, at *2 (D. Guam App. Div. Apr. 24, 2012). "'[M]otions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted,' even when they are 'technically appropriate and well-founded,' because striking is 'a drastic remedy.'" *LSM Techs Pty Ltd. v. The Sy-Klone Co., LLC*, No. 3:22-CV-1019-BJD-MCR, 2023 WL 5938803, at *1 (M.D. Fla Aug 15, 2023) (quoting *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla 2008); *see also Wynes v. Kaiser Permanente Hosps.*, No. 2:10-CV-00702-MCE, 2013 WL 2449498 (E.D. Cal. June 5, 2013) (declining to strike an answer to counterclaims filed more than nine months later

because "untimeliness of an answer, even if extreme . . . is not, by itself, a sufficient reason for granting a motion to strike.").

Here, Taisipic does not address the GRCP Rule 12(f) standard. Taisipic does not allege that GDOE's Response to Petition is "insufficient . . . redundant, immaterial, impertinent, or scandalous" nor does he claim that the contents of GDOE's Response to Petition have no bearing on the matter of the litigation. Taisipic only argues that GDOE's Response to Petition is untimely, and, therefore, would prejudice Taisipic. Motion to Strike at 1. Taisipic cites to no authority stating that untimeliness or prejudice is a sufficient reason to strike a pleading.

GDOE argues that its Response to Petition "does have bearing on the subject matter of the litigation" because it addresses Taisipic's claims in his Answer and Petition. Opp'n at 6. Further, GDOE argues "untimeliness is not identified as grounds for striking under GRCP Rule 12(f), and thus, should not be used as such grounds." *Id.*

GDOE's Response to Petition addresses Taisipic's allegations in his Answer and Petition and provides affirmative defenses and a prayer for relief. Thus, its content has bearing on the matter of litigation. Further, without any allegations that GDOE's Response to Petition is insufficient, redundant, immaterial, impertinent, or scandalous, as required by GRCP Rule 12(f), the Court declines to strike it solely on the allegation that it is untimely.

## B.    GDOE's Response to Petition Was Timely.

Even if untimeliness was a sufficient basis to strike the pleading, the Court nevertheless finds that GDOE's Response to Petition was timely.

In its April 24, 2023 Decision and Order, the Court granted Taisipic's request for leave of court to file his Answer and Petition, and further ordered "any response to Taisipic's Answer and Petition for Declaratory Relief shall be filed as directed under GRCP Rule 12(a)." Decision and

Order at 12. At the Motion to Strike hearing, the Court affirmed that it accepted Taisipic's Answer and Petition "as of the day of the Decision and Order." Minute ("Min.") Entry, 10:17 AM (Oct. 31, 2023).

Taisipic argues that GDOE's Response to Petition was due on May 8, 2023 in accordance with the GRCP Rule 12(a)(1) ten-day deadline and GRCP Rule 6.[3] Motion to Strike at 3. Therefore, Taisipic asserts GDOE's June 23, 2023 Response to Petition was filed forty-six days late. *Id.*

Conversely, GDOE argues that the ten-day deadline under GRCP Rule 12(a)(1) does not apply. Opp'n at 2. GDOE further argues that GDOE did comply with the GRCP Rule 12(a) sixty-day deadline afforded to government of Guam and its agencies. *Id.* at 3.

### 1.    GRCP Rule 12(a)(1) Does Not Apply.

GRCP Rule 12(a)(1) states "the service of a *motion permitted under this rule* alters these periods of time as follows, unless a different time is fixed by order of court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action . . ." (Emphasis added). In other words, it "provides that the service of a motion pursuant to Rule 12 suspends the movant's time to file a responsive pleading until 10 days following the disposition of the motion." *Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009).[4]

---

[3] Prior to its amendment by Promulgation Order No. 06-006-23 (Oct. 19, 2023), GRCP Rule 6 stated, in part, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sunday, and legal holidays shall be excluded in the computation."

[4] *Capala Bros.* interprets FRPC Rule 12(a)(4), which has substantively similar language to GRCP 12(a)(1). In May of 2009, when *Capala Bros.* was decided, FRCP Rule 12(a)(4) stated, in relevant part: "Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action . . ."

GRCP Rule 12 addresses seven motions to dismiss permitted under Rule 12(6)(b) plus the following: motion for judgment on the pleadings permitted under Rule 12(c), a motion for more definite statement permitted under Rule 12(e), and a motion to strike permitted under Rule 12(f).

At the Motion to Strike hearing, Taisipic argued GRCP Rule 12(a)(1) applies because "the document required from the government in this case was a responsive pleading. It's a response to Mr. Taisipic's counterclaim for declaratory relief action in this particular matter. So as a result of the Court's order, that's a directive that imposes 12(a)(1)'s ten-day limitation." Min. Entry, 10:18 AM. Taisipic further states that "the Court has absolute authority to order the parties to meet the requirements of deadlines even if it doesn't fit within Rule 12(a) because the Court specifically ordered the parties to respond within the timeline orders within 12(a) . . . as a result of the application of the Court to the circumstances, 12(a)(1) was applicable." Min. Entry, 10:23 AM.

GDOE argues "GRCP 12(a)(1) does not apply to GDOE since GDOE filed an Application for Entry of Default Judgment and not a motion permitted under GRCP Rule 12, GDOE's application is not subject to the 10-day deadline for motions permitted under Rule 12." Opp'n at 3.

In this matter, the Court did not deny a motion permitted under GRCP 12. The Court denied GDOE's Application for Default Judgment and accepted Taisipic's Answer and Petition and thus triggered GDOE's Response to Petition. However, the Application for Default Judgment does not fall under Rule 12, and therefore denying it does not trigger Rule 12(a)(1). Additionally, the Court's Decision and Order requires any response to the Answer and Petition to be filed under GRCP Rule 12(a) but does not state that the ten-day deadline specific to Rule

12(a)(1) is applicable. Decision and Order at 12. Therefore, GRCP Rule 12(a)(1) does not apply and GDOE was not bound to file its Response to Petition within ten days of its receipt of Taisipic's Answer and Petition.

### 2. GDOE's Response to Petition Complied with GRCP Rule 12(a).

GRCP Rule 12(a) dictates "[t]he government of Guam or an officer or agency thereof shall serve an answer to the complaint, or to a cross-claim, or a reply to a counterclaim, within 60 days after the service upon the Attorney General or appropriate agency counsel of the pleading in which the claim is asserted."

At the Motion to Strike hearing, GDOE stated that although GRCP Rule 12(a)(1) does not apply, "there are portions of 12(a) that do apply, and that is with regards to the government having sixty days with regard to answering." Min. Entry, 10:12 AM. Taisipic agreed that GDOE would have sixty days to file its responsive pleading "but for 12(a)(1)." Min. Entry, 10:17 AM.

Because GRCP Rule 12(a)(1) does not apply, Rule 12(a)'s sixty-day deadline applies because GDOE is an agency of the government of Guam and GDOE was responding to a petition for declaratory relief. *See Drinan v. Nixon*, 364 F. Supp. 853, 854 (D. Mass. 1973) (interpreting FRCP 12(a) to generally permit the government sixty days to file an answer to a petition for declaratory relief). Furthermore, GRCP Rule 12(a) applies because the Court's Decision and Order ordered compliance with the rule.

Thus, GDOE had sixty days from the April 24, 2023 Decision and Order accepting Taisipic's Answer and Petition. Sixty days after the Decision and Order was June 23, 2023. Therefore, GDOE's June 23, 2023 Response to Petition was timely filed in accordance with GRCP Rule 12(a).

## CONCLUSION

Based on the foregoing , the Court **DENIES** Taisipic's Motion to Strike. A Status hearing in this matter will be held on **March 12, 2024 at 10:00 a.m.**

**SO ORDERED:** _____JAN 2 9 2024_____ .

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**